| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**14-CV-201**<br>Date of Filing:<br>10/17/2013 | ELECTRONICALLY FILED<br>10/17/2013 2:53 PM<br>14-CV-2013-900201.00<br>CIRCUIT COURT OF<br>CHILTON COUNTY, ALABAMA<br>GLENN MCGRIFF, CLERK |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT OF CHILTON COUNTY, ALABAMA
### STATE FARM FIRE & CASUALTY COMPANY v. EVERLOTUS INDUSTRIES CORPORATION ET AL

**First Plaintiff:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:**

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☑ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER _____
R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☐ Yes  ☑ No

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** SAW003        10/17/2013 2:53:30 PM        /s/ WILLIAM P SAWYER

**MEDIATION REQUESTED:**  ☐ Yes  ☑ No  ☐ Undecided

EXHIBIT B



ELECTRONICALLY FILED
10/17/2013 2:53 PM
14-CV-2013-900201.00
CIRCUIT COURT OF
CHILTON COUNTY, ALABAMA
GLENN MCGRIFF, CLERK

IN THE CIRCUIT COURT OF
CHILTON COUNTY, ALABAMA

| | |
|---|---|
| CHRISTOPHER SHANE LOCKHART, CAMMIE LOCKHART, STATE FARM FIRE AND CASUALTY COMPANY, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No.: CV-2013- |
| EVERLOTUS INDUSTRIES, INC., MTD, INC., DURAPRO, INC., INTERLINE BRANDS, INC., A, B, and C, being those persons, firms, corporations or other legal entities which manufactured the braided waterline and its component parts; D, E, and F, being those persons, firms, corporations or other entities which designed the waterline; G, H, and I, being those persons, firms or corporations which distributed the braided waterline; J, K, and L, being those persons firms or corporations which sold the braided waterline; and X, Y and Z whose true and correct names and legal descriptions are each otherwise unknown to the Plaintiff, but will be added by amendment when ascertained, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

## COMPLAINT

1. Plaintiff is a corporation organized in the State of Illinois and licensed to do business in the State of Alabama.

2. State Farm Fire and Casualty Insurance Company is the insurance carrier for Christopher Shane Lockhart and has paid Christopher Shane Lockhart for damages to his dwelling and contents in accordance with the terms and conditions of the policy and is subrogated for the amount paid.

3. Interline Brands, Inc. Is a corporation organized in the State of New Jersey and whose products are placed in the stream of commerce reaching the ultimate consumer in Alabama.

4. Everlotus, a corporation based in Changhua, Taiwan, whose products are placed in the stream of commerce reaching the ultimate consumer in Alabama.
5. The basis of this lawsuit is the failure of a braided water supply line which was defective.
6. The insured of State Farm is a resident citizen of Chilton County, Alabama, U.S.A.

## COUNT I

On or about July 10, 2012, the insured of State Farm, Christopher Shane Lockhart, returned to their home to find the house flooded and damages to the home and contents; making the home uninhabitable. Lockhart filed a claim with State Farm Fire and Casualty Insurance Company (his homeowner's insurer) for the damages.

The Defendants, Everlotus Industries, Inc., Interline Brands, Inc., MTD, Inc. and DuraPro are the manufacturers, distributors and assemblers, are the persons, firms, corporations and companies who ultimately place their product in the stream of commerce where it reaches the ultimate consumer or user.

The braided toilet supply line, made the basis of this lawsuit, was negligently manufactured and was defective.

WHEREFORE, Plaintiff demands judgment in the sum of $90,000.00 plus cost.

## COUNT II

Plaintiff adopts by reference, all of the material allegations of Count I and further alleges:

The Defendants manufactured, designed, distributed or sold the braided toilet supply line designed to be used in residential toilets and there was an implied warranty by Defendants to Plaintiffs insured as the ultimate user of the product.

Plaintiff avers that the failure of the product made the basis of this lawsuit ultimately caused damages to the Plaintiff and that the product was being used in the manner in which it was intended.

WHEREFORE, Plaintiff demands judgment in the sum of $90,000.00 plus cost.

## COUNT III

Plaintiff adopts by reference, all of the material allegations of Counts I and II and further alleges:

That the Defendants negligently manufactured, designed, assembled, distributed or sold the braided toilet supply line.

As a proximate result of Defendants negligence, the Plaintiff was caused to incur damages.

WHEREFORE, Plaintiff demands judgment in the sum of $90,000.00 plus cost.

## COUNT IV

Plaintiff adopts by reference, all of the material allegations of Counts I, II and III and further alleges:

This claim is brought under the Alabama Extended Manufacturer Liability Doctrine.

WHEREFORE, Plaintiff demands judgment in the sum of $90,000.00 plus cost.

## COUNT V

Plaintiff adopts by reference, all of the material allegations of Counts I, II, III and IV and further alleges:

That when defendants manufactured, assembled, designed, distributed or sold the product made the basis of this lawsuit, that they knew or should have known that the product was defective and would ultimately fail and cause damages.

Many Insurers, including but not limited to, U.S.A.A., Safeco, Liberty Mutual, The First Liberty Insurance Company, Erice Insurance Exchange, Cincinnati Insurance Company, American Mutual Insurance Company, State Farm Insurance Company, National Security Corporation, have all filed lawsuits against these same Defendants for the same failure of the same product.

Defendants have had more than ample notice of the failure of their products and yet no warnings, recalls or notices have been sent.

Defendants continue to place this product in the stream of commerce where it reaches the

ultimate consumer amounts to fraudulent concealment.

As a proximate result of the Defendants fraudulent concealment, the Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment in an amount to be determined by the Court plus cost.

### COUNT VI

Plaintiffs Christopher Lockhart and Cammie Lockhart, adopt by reference all material allegations of Counts I through V and further allege:

That they have been caused to suffer mental anguish in that their personal and real property were damaged or destroyed, they were caused to move from their home, they were caused not to be able to sleep in their own bed, to eat meals out and to not enjoy the family togetherness of their home.

WHEREFORE; Plaintiffs Christopher and Cammie Lockhart demand damages in an amount to be determined by the Court.

*William P. Sawyer*
William P. Sawyer (SAW003)
529 South Perry Street, Suite 20
Montgomery, AL 36104
Post Office Box 98
Montgomery, AL 36101-0098
334-262-2756

| State of Alabama<br>Unified Judicial System<br><br>Form C-34 Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>14-CV-2013-900201.00 |
|---|---|---|

### IN THE CIVIL COURT OF CHILTON, ALABAMA
### STATE FARM FIRE & CASUALTY COMPANY V. EVERLOTUS INDUSTRIES CORPORATION

**NOTICE TO** MTD (USA) CORPORATION, 75-3 RESERVOIR AVENUE P. O. BOX 158, RIVER EDGE, NJ 07661

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WILLIAM P SAWYER
WHOSE ADDRESS IS P.O. BOX 98, MONTGOMERY, AL 36101

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of STATE FARM FIRE & CASUALTY COMPANY pursuant to the Alabama Rules of the Civil Procedure

| 10/17/2013 2:53:31 PM | /s GLENN MCGRIFF | |
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s WILLIAM P SAWYER
                                         Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office

☐ I certify that I personally delivered a copy of the Summons ___ In ___

_____        _____
Date               Server's

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com
OFFICIAL USE
CV-13-900201

Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees $

Sent To: MTD (USA) Corporation
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

7010 2780 0001 6871 8884

PS Form 3800, August 2006           See Reverse for Instructions

STATE FARM FIRE & CASUAL[TY]
C001 - STATE FARM FIRE & CASUALTY COMPAN[Y]
Plaintiff

14-CV-2013-900201.00 D002

**SERVICE RETURN**

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>14-CV-2013-900201.00 |
|---|---|---|

### IN THE CIVIL COURT OF CHILTON, ALABAMA
### STATE FARM FIRE & CASUALTY COMPANY V. EVERLOTUS INDUSTRIES CORPORATION

**NOTICE TO** DURA PRO CORPORATION, 400 ORRTON AVENUE P. O. BOX 1053, READING, PA 19603

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WILLIAM P SAWYER

WHOSE ADDRESS IS P.O. BOX 98, MONTGOMERY, AL 36101

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of  STATE FARM FIRE & CASUALTY COMPANY
pursuant to the Alabama Rules of the Civil Procedure

| 10/17/2013 2:53:31 PM | /s GLENN MCGRIFF | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested   /s WILLIAM P SAWYER
Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on ____
☐ I certify that I personally delivered a copy of the Summons ____
____ In ____

Date | Server's Sign

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

OFFICIAL USE
CV-13-900201

Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees $
Postmark Here

Sent To: Dura Pro Corp.
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006    See Reverse for Instructions

14-C
STATE FARM FIRE & CASUALTY CO
C001 - STATE FARM FIRE & CASUALTY COMPANY
Plaintiff

14-CV-2013-900201.00 D003

# SERVICE RETURN

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>14-CV-2013-900201.00 |
|---|---|---|

### IN THE CIVIL COURT OF CHILTON, ALABAMA
### STATE FARM FIRE & CASUALTY COMPANY V. EVERLOTUS INDUSTRIES CORPORATION

**NOTICE TO** INTERLINE BRANDS, INC., 100 CANAL POINTE BLVD. SUITE 212, PRINCETON, NJ 08540

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY __WILLIAM P SAWYER__

WHOSE ADDRESS IS __P.O. BOX 98, MONTGOMERY, AL 36101__

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of __STATE FARM FIRE & CASUALTY COMPANY__ pursuant to the Alabama Rules of the Civil Procedure

| 10/17/2013 2:53:31 PM | /s GLENN MCGRIFF | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested   /s WILLIAM P SAWYER
Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and _____ in _____

_____   _____
Date                     Server's Signature

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

**OFFICIAL USE**

Postage $   CV-13-900201
Certified Fee
Return Receipt Fee (Endorsement Required)      Postmark Here
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees $
Sent To: Interline Brands, Inc
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

7010 2780 0001 6871 6877

PS Form 3800, August 2006    See Reverse for Instructions

14-CV-2(
STATE FARM FIRE & CASUALTY COMPA

C001 - STATE FARM FIRE & CASUALTY COMPANY
Plaintiff

14-CV-2013-900201.00 D004

**SERVICE RETURN**

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _[signature]_  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Interline Brands, Inc.<br>100 Canal Pointe Blvd.<br>Ste. 212<br>Princeton, NJ 08540 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>7010 2780 0001 6871 8877 | CV-13-900201 |
| PS Form 3811, February 2004   Domestic Return Receipt | 102595-02-M-1540 |

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Tina L Wall_ ☒ Agent ☐ Addressee<br>B. Received by ( Printed Name)  C. Date of Delivery<br>TINA L. WALB   10-23-13<br>D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☒ No |
| 1. Article Addressed to:<br>DuraPro Corporation<br>400 Orrton Ave.<br>P.O. Box 1053<br>Reading, PA 19603 | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered    ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>7010 2780 0001 6871 8860 | CV-13-900201 |
| PS Form 3811, February 2004   Domestic Return Receipt | 102595-02-M-1540 |

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>MTD (USA) Corporation<br>75-3 Reservoir Ave.<br>P.O. Box 158<br>River Edge, NJ 07661 | D. Is delivery address different from item 1? ☐ Yes ☐ No<br>If YES, enter delivery address below:<br><br>[NOV 4 2013 postmark]<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered      ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. 7010 2780 0001 6871 8884  CV-13-900201 | |
| PS Form 3811, February 2004   Domestic Return Receipt | 102595-02-M-1540 |



ELECTRONICALLY FILED
11/27/2013 10:38 AM
14-CV-2013-900201.00
CIRCUIT COURT OF
CHILTON COUNTY, ALABAMA
GLENN MCGRIFF, CLERK

## IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

| | |
|---|---|
| CHRISTOPHER SHANE LOCKHART, CAMMIE LOCKHART, STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Plaintiffs,<br><br>V.<br><br>INTERLINE BRANDS, INC., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO: CV-2013-900201<br>)<br>)<br>)<br>)<br>)<br>) |

### INTERLINE BRANDS, INC.'S ANSWER TO COMPLAINT

COMES NOW, the Defendant, Interline Brands, Inc. ("Interline Brands"), and Answers the Complaint in this matter as follows:

1.  Interline Brands is without knowledge sufficient to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same.

2.  Interline Brands is without knowledge sufficient to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same.

3.  Admit that Interline Brands is a corporation existing under the laws of the State of New Jersey. As to the remaining allegations in this paragraph, Interline Brands is without knowledge sufficient to form a belief as to the truth of the averments and, therefore, denies the same.

4.  Interline Brands is without knowledge sufficient to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same.

5.  Interline Brands is without knowledge sufficient to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same.

6.     Interline Brands is without knowledge sufficient to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same.

## COUNT I

Interline Brands denies the material allegations of Count I and demands strict proof thereof.

Interline Brands denies that Plaintiff is entitled to the relief sought in its *ad damnum* clause and demands strict proof thereof.

## COUNT II

Interline Brands incorporates its responses to Count I as if fully set forth herein.

Interline Brands denies the material allegations of Count II and demands strict proof thereof.

Interline Brands denies that Plaintiff is entitled to the relief sought in its *ad damnum* clause and demands strict proof thereof.

## COUNT III

Interline Brands incorporates its responses to Counts I and II as if fully set forth herein.

Interline Brands denies the material allegations of Count III and demands strict proof thereof.

Interline Brands denies that Plaintiff is entitled to the relief sought in its *ad damnum* clause and demands strict proof thereof.

## COUNT IV

Interline Brands incorporates its responses to Counts I through III as if fully set forth herein.

There is no response required of Interline Brands as Count IV does not make any specific allegations as to Interline Brands or any other defendant. To the extent a response is required, Interline Brands denies the material allegations of Count IV and demands strict proof thereof.

Interline Brands denies that Plaintiff is entitled to the relief sought in its *ad damnum* clause and demands strict proof thereof.

### COUNT V

Interline Brands incorporates its responses to Counts I through IV as if fully set forth herein.

Interline Brands denies the material allegations of Count V and demands strict proof thereof.

Interline Brands denies that Plaintiff is entitled to the relief sought in its *ad damnum* clause and demands strict proof thereof.

### COUNT VI

Interline Brands incorporates its responses to Counts I through V as if fully set forth herein.

Interline Brands denies the material allegations of Count VI and demands strict proof thereof.

### AFFIRMATIVE DEFENSES

#### First Defense

Interline Brands pleads the Complaint fails to state a claim against Interline Brands for which relief can be granted.

### Second Defense

Interline Brands pleads lack of personal jurisdiction.

### Third Defense

Interline Brands pleads it is not guilty of the things and matters alleged in the Complaint and demands strict proof thereof.

### Fourth Defense

Interline Brands pleads it is not guilty of any act, negligent or otherwise, that would give rise to a claim for compensatory or nominal damages against it.

### Fifth Defense

Interline Brands denies it is guilty of any acts which would give rise to a claim for punitive damages or an award of punitive damages against it.

### Sixth Defense

Interline Brands pleads its actions and/or omissions were not a proximate cause of the alleged damages.

### Seventh Defense

Interline Brands asserts there is no causal relation in fact between its activities in handling the product and its defective condition.

### Eighth Defense

Interline Brands pleads the alleged damages resulted from an unforeseeable intervening, superseding cause or the conduct of others over which Interline Brands had no control, thereby precluding any recovery against Interline Brands.

### Ninth Defense

Interline Brands provides notice of its intention to claim all affirmative defenses available pursuant to the Alabama Extended Manufacturer's Liability Doctrine (AEMLD).

### Tenth Defense

Interline Brands pleads the terms of Ala. Code § 6-5-521.

### Eleventh Defense

Interline Brands pleads the affirmative defense of contributory negligence.

### Twelfth Defense

Interline Brands pleads the affirmative defense of assumption of the risk.

### Thirteenth Defense

Interline Brands pleads collateral source and/or set-off.

### Fourteenth Defense

Interline Brands pleads it acted at all times in good faith and in compliance with the applicable law.

### Fifteenth Defense

Interline Brands pleads there exists no express or implied warranties provided by it to the individual Plaintiffs.

### Sixteenth Defense

As the investigation into this matter is ongoing, Interline Brands pleads waiver and estoppel.

### Seventeenth Defense

Interline Brands pleads failure to mitigate.

### Eighteenth Defense

Interline Brands pleads it is not liable for pre-existing injuries.

## Reservation of Defenses

Interline Brands reserves the right to amend its Answer as discovery progresses and as issues may arise.

Respectfully Submitted,

/s/ J. Mitchell Frost, Jr.
J. Mitchell Frost, Jr.          (FRO001)
*Attorney for Defendant, Interline Brands, Inc.*

OF COUNSEL:
FERGUSON, FROST & DODSON, LLP
1400 Urban Center Parkway, Suite 200
Birmingham, Alabama 35242

{W0373064.1}                          6

## CERTIFICATE OF SERVICE

This is to certify that on this the 27th day of November, 2013, a copy of the foregoing document has been served upon counsel for all parties to this proceeding via Alafile:

William P. Sawyer, Esq.
529 South Perry Street, Suite 20
Montgomery, Alabama 36104
Post Office Box 98
Montgomery, Alabama 36101-0098
*wpslaw@bellsouth.net*
(334) 262-2756
*Attorney for Plaintiff*

/s/ J. Mitchell Frost, Jr.
OF COUNSEL