IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER SHANE LOCKHART *et al.*,  ) ) ) | |
| Plaintiffs,  ) ) | |
|   )  | CASE NO:  2:13-cv-886-WKW |
| v.   ) ) ) | |
| MTD INC., *et al.*   ) ) | |
| Defendants.   ) | |

## REPORT OF PARTIES' PLANNING MEETING

**1.** **Appearances:**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties held a planning meeting via teleconference on May 29, 2014.  The participating counsel were:

    a. William P. Sawyer, Attorney for Plaintiffs

    b. F. Tucker Burge, Jr., Attorney for Defendants Interline Brands Inc. and MTD (USA) Corp.[1]

---

[1] Mr. Burge has not yet been admitted to practice in the Middle District of Alabama, and his Motion for Admission is currently pending before this Court.  Mr. Burge is an associate with the law firm of Ferguson, Frost & Dodson, LLP, and Defendants' attorney of record and the undersigned, J. Mitchell Frost Jr., approved all the discovery limitations and deadlines set forth in this 26(f) Report.  In an abundance of caution, Mr. Burge has not signed the Report and will file a Notice of Appearance immediately upon admission.

1

2. **Initial Disclosures:**

The parties will exchange initial disclosures as required by Rule 26(a)(1) by **June 22, 2014**.

3. **Discovery Plan:**

    a. Discovery will be needed on the following subjects: Plaintiffs need discovery pertaining to their claims, Defendants' defenses, damages and the entity that manufacturered the water supply line made the subject of this lawsuit. Defendants need discovery pertaining to its defenses, Plaintiffs' claims and damages. Based on the parties' planning meeting, it appears that discovery will be focused primarily on whether (a) Defendants Interline Brands and/or MTD sold and/or supplied the water supply line made the basis of this lawsuit and (b) whether Interline Brands and/or MTD qualifies as a "distributor, wholesaler, dealer, retailer, or seller" under Alabama's Products Liability Statute, Ala. Code § 6-5-521.

    b. Pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure, the parties consent to service of pleadings and other papers covered by Rule 5 electronically.

The parties, at this stage, do not anticipate the excessive discovery of electronically stored information, although there may be pertinent e-mails, electronically stored records, and/or electronically stored or transmitted

correspondence. The parties stipulate that with respect to any electronically stored information that is identified or requested during the course of discovery, such documents, to the extent reasonably accessible or otherwise not objectionable, will be produced as either a hard copy, or stored on a CD or DVD in their native format or in a .PDF file. Both parties further agree that they will submit electronically stored information in a form useful by the other party. For instance, if data is stored in specialized software or programs, the party retaining such information agrees to make available to the other party the necessary software or program to review the data if such data is not otherwise produced in a useful form. If this is not possible, the party retaining such information agrees to convert the information into a format which the other party can use or to reproduce the information into paper form. If no such means are available, the parties agree to allow the opposing party to access the information at a prearranged time and place.

     c. A party who inadvertently produces privileged electronic or computer-based information without intending to waive the privilege associated with such information may, within ten (10) days after the producing party discovers that such inadvertent production occurred, amend its discovery response and notify the other party that such information was inadvertently produced and should have been withheld as privileged. Once the producing party provides such notice to the requesting party, the requesting party must promptly return the

specified information and any copies thereof and may not use it until the assertion of privilege has been resolved. By complying with this obligation, the requesting party does not waive any right it has to challenge the assertion of privilege.

  d. All discovery must be commenced in time to be completed by **November 21, 2014**.

  e. Maximum of **30** interrogatories by each party to any other party. Responses shall be due 30 days after service.

  f. Maximum of **30** requests for production by each party to any other party. Responses shall be due 30 days after services.

  g. Maximum of **30** requests for admission by each party to any other party. Responses shall be due 30 days after service.

  h. Maximum of **5** depositions by each party. Each deposition shall be limited to a maximum of 7 hours, exclusive of breaks, unless extended by agreement of the parties.

  i. Reports of expert witnesses shall be due from Plaintiffs on or before **October 1, 2014** and from Defendants on **October 31, 2014**.

  j. Supplementations under Rule 26(e) shall be due as soon as practicable after the need for supplementation is discovery but no later than 30 days before discovery concludes.

**4. Other Items:**

a. The parties do not request a conference with the Court before entry of the Scheduling Order.

b. The parties request a pretrial conference on **February 23, 2015**.

c. Plaintiffs shall have until **August 1, 2014** to join any additional parties and to amend the pleadings.

d. Defendants shall have until **September 1, 2014** to join any additional parties and to amend the pleadings.

e. All potentially dispositive motions shall be filed on or before **November 23, 2014**.

f. Settlement prospects are unknown at this time inasmuch as discovery in this matter has not yet begun.

g. The parties believe that mediation may enhance settlement prospects as discovery in this matter progresses.

h. Final lists of witnesses of exhibits under Rule 26(a)(3) shall be due from Plaintiffs and Defendants **30 days** prior to trial.

i. The parties shall have **14 days** after service of witness and exhibit lists to file objections under Rule 26(a)(3).

j. This case shall be ready for trial on **March 23, 2015**. Trial should last approximately 3 days.

5

Respectfully submitted this 13th day of July, 2014.

/s/ J. Mitchell Frost, Jr.
J. Mitchell Frost, Jr.   (ASB-1252-O40J)
FERGUSON, FROST & DODSON, LLP
1400 Urban Center Drive, Suite 200
Birmingham, Alabama 35242
*Attorney for Defendants Interline Brands, Inc. & MTD (USA) Corp.*

/s/ William P Sawyer .
William P. Sawyer     (ASB-6825-S60W)
529 South Perry Street, Suite 20
Montgomery, AL 36104
*Attorney for Plaintiffs*